UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 18-896 DSF (SKx)<br>CV 18-898 DSF (SKx)<br>CV 18-900 DSF (SKx) | Date | 2/15/18 |
|---|---|---|---|
| Title | People of the State of California v. Cal Cartage Transportation Express, LLC, et al.<br>(and related cases) | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Cases to State Court

These three related cases were recently removed from state court on the basis of federal question jurisdiction. None of the cases directly states a federal claim. Each case has two claims under California Business and Professions Code § 17200. However, one of the claims alleges that Defendants engaged in unlawful acts by violating 49 C.F.R. § 376.12.

In order for a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013).

For the purposes of this order, the Court will assume that federal issues are necessarily raised and actually disputed. However, there is no indication that the issues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

are substantial or capable of resolution in federal court without disrupting the federal-state balance.

"[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as Grable separately requires. The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Gunn, 568 U.S. at 260. "[T]he mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim . . . ." Nevada v. Bank of America Corp., 672 F.3d 661, 675 (9th Cir. 2012). Nor does "the question whether a particular claim arises under federal law depend[] on the novelty of the federal issue." Id. (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 817 (1986)).

As in Gunn and Nevada v. Bank of America, there is no reason to believe that a state court ruling in this case would somehow broadly affect federal law. It is unlikely that a non-binding state ruling could have such an effect in anything other than the most unusual circumstances. See also Gunn, 568 U.S. at 262-63. This case involves the application of a particular regulation to a limited set of affiliated defendants. While these cases would provide some data on the likelihood of success to other similarly situated parties, they would present no actual precedential, let along preclusive, hurdle to those other parties.

Removal of these actions also threatens the federal-state balance. The cases are enforcement actions by the City Attorney of Los Angeles as attorney for the State of California. As in Nevada v. Bank of America, a *parens patriae* action raises the "claim of sovereign protection from removal . . . in its most powerful form." 672 F.3d at 676 (quoting West Virginia ex rel. McGraw v. CVS Pharmacy, Inc., 646 F.3d 169, 178 (4th Cir. 2011). Federal courts should be "reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 21 n.22 (1983)). Such removal "must serve an overriding federal interest." Id. (quoting McGraw, 646 F.3d at 178). No "clear rule" demands removal and there is no apparent "overriding federal interest."

These cases are REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.